**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| KIMBERLEY STEELE, <br><br> Plaintiff, <br><br> v. <br><br> NANCY A. BERRYHILL, Acting Commissioner of Social Security <br><br> Defendant. | Civ. Action No. 2:17-cv-8506 (JMV) <br><br><br><br><br><br> **OPINION & ORDER** |

**John Michael Vazquez, U.S.D.J.**

This matter having been opened to the Court by Plaintiff, Kimberly Steele, who is proceeding *pro se* in her Complaint against the Acting Commissioner of the Social Security Administration ("Commissioner"). D.E. 1. With the filing of her Complaint, Plaintiff sought the appointment of *pro bono* counsel. The Court denied Plaintiff's request in an Order dated January 11, 2018, but permitted Plaintiff to make a new motion if she could not find counsel. D.E. 9. Plaintiff now moves the Court to appoint *pro bono* counsel, D.E. 12, and has filed numerous letters in support of her motion, D.E. 10, 11 & 14. For the following reasons, the Court **DENIES** Plaintiff's motion without prejudice. The Commissioner, however, has not submitted her position on the merits yet. If after receiving the Commissioner's submission, it appears that either the factual or legal issues are more complex than contemplated by the Court, the Court will permit Plaintiff to renew her request for the assignment of *pro bono* counsel.

The Complaint seemed to indicate some form of garnishment, which Plaintiff contested, D.E. at 1 at 2. However, in her recent filings, Plaintiff seems to indicate that the Social Security

Administration ("SSA") actually reduced Plaintiff supplemental security income ("SSI") amounts because Plaintiff is not currently paying rent. D.E. 10 at 5-6. Plaintiff further indicates that after the Court's initial Order denying her appointment of counsel, D.E. 9, she made several efforts to seek counsel without success. *See, e.g.*, D.E. 10 at 1, 3.

The Court previously granted Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. D.E. 2. Although there is no constitutional right to counsel for civil litigants, Section 1915(e)(1), permits a court to "request an attorney to represent any person unable to afford counsel." A court's decision to do so is left to the court's discretion. *Parham v. Johnson*, 126 F.3d 454, 457 (3d Cir. 1997). In deciding whether to appoint counsel, a court should consider numerous factors, including (1) whether the claim has some merit, (2) whether the *pro se* party can effectively present her case without counsel, (3) whether the legal issues are complex, (4) whether the *pro se* party lacks familiarity with the rules of evidence and discovery needed to sufficiently present her proofs; (5) whether factual investigation is necessary and the *pro se* party cannot do so without the aid of counsel, (6) whether the case is likely to turn on credibility determinations, (7) whether expert testimony is necessary, and (8) whether the *pro se* party can afford counsel. *See id.* at 457-48. The threshold inquiry, however, turns on the first factor – whether the case has some merit. *Id.* at 458.

In analyzing the factors, the Court in unable to determine whether Plaintiff's claim has some merit. To be clear, Plaintiff indicates why she believes that her SSI benefits should not be reduced. However, Plaintiff does not present any clear legal basis as to why the SSI erred. In addition, the legal issues do not appear complex and, moreover, the rules of evidence and discovery do not seem to be an issue. In addition, the Court does not foresee the necessity of factual investigation at this time (it appears that Plaintiff is well aware of all pertinent facts).

Finally, the Court does not foresee that this matter will turn on credibility determinations and there does not appear to be the need for expert testimony.

As a result, the Court denies Plaintiff's request for the appointment of counsel. The denial, however, is without prejudice. Once the Commissioner submits her opposition, the Court will again review the matter. If it appears at that time that the appointment of counsel is appropriate, Plaintiff can renew her motion for appointment of counsel.

For the foregoing reasons, and for good cause shown,

It is on this 20th day of April, 2018, hereby

**ORDERED,** that Plaintiff's request for appointment of counsel (D.E. 12) is **DENIED** without prejudice; and it is further

**ORDERED** that the Clerk's Office shall serve a copy of this Order on Plaintiff by regular mail and by certified mail return receipt.

<u>s/ John Michael Vazquez</u>
John Michael Vazquez, U.S.D.J.