UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

KIMBERLY STEELE,

        Plaintiff,

v.

NANCY A. BERRYHILL, Acting Commissioner of Social Security,

        Defendant.

Civ. Action No. 2:17-cv-8506 (JMV)

**OPINION & ORDER**

**John Michael Vazquez, U.S.D.J.**

    This matter comes before the Court on the motion of Defendant, the Acting Commissioner of Social Security ("Commissioner"), to dismiss the Complaint of Plaintiff Kimberly Steele for failure to exhaust her administrative remedies pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g). D.E. 16. Plaintiff is proceeding *pro se*. The motion was decided without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. The Court has considered the parties' submissions and grants Defendant's motion to dismiss.

**I. Background**

    On October 17, 2017, Plaintiff filed her Complaint. D.E. 1. Plaintiff alleges that the Social Security Administration ("SSA") improperly reduced her supplemental security income ("SSI"). *Id.* at 2-4. In response, on April 20, 2018, the Commissioner filed the current motion, arguing that Plaintiff did not exhaust her administrative remedies. D.E. 16.

In support of her motion, the Commissioner attaches a declaration from the Acting Chief of Court Case Preparation and Review Branch 2 of the Office of Appellate Operations ("Acting Chief"), Office of Disability Adjudication and Review, Social Security Administration. D.E. 16-1. The declaration attached a July 6, 2017 letter from the SSA to Plaintiff. *Id.* at 4-19. The letter indicates that Plaintiff's monthly SSI payment was being reduced from $766.25 to $534.31 due to a change in Plaintiff's "situation." *Id.* at 4. Specifically, the letter explained, Plaintiff's living arrangements resulted in the decrease. *Id.* at 5, 10, 12. The July letter continued that the monthly SSI payments could change in the future if her situation changes, that Plaintiff has a right to review the information in SSA's records, and that Plaintiff may be entitled to an increase if she is paying a share of the household expenses. *Id.* at 6.

The SSA's letter further notified Plaintiff of her appeals rights, specifying as follows:

- You have 60 days to file an appeal in writing

- The 60 days start the day after you receive this letter. We assume you received this letter 5 days after the date on the letter.

- You must have a good reason for waiting more than 60 days to file an appeal.

*Id.* at 7. The July 6, 2017 letter also informed Plaintiff that she could file an appeal with any Social Security office and provided the address of the office nearest Plaintiff. *Id.* at 8, 10. The Acting Chief indicates that that "[t]here is no indication in the file that the plaintiff filed a written appeal of the determination." *Id.* at 3.

Plaintiff has written to the Court on numerous occasions, both before and after the filing of the Commissioner's motion. D.E. 10, 11, 14, 20, 22, 23,[1] 26, 27, and 28. For the most part,

---

[1] Plaintiff filed D.E. 23 as a motion. The motion, however, seeks the same relief as that requested in the Complaint, specifically an order overturning the Commissioner's reduction of

however, Plaintiff does not address the Commissioner's contention that Plaintiff failed to exhaust her administrative remedies. To be sure, Plaintiff indicates in conclusory fashion that she exhausted her administrative remedies, D.E. 26 at 7. The only specific claim that Plaintiff makes, however, is that she requested an appeal before an administrative law judge ("ALJ"). *Id.* at 8. Plaintiff provides no proof in support of this contention. At the same time, Plaintiff asserts that persons within SSA, an ALJ, and "Virginia state appeals court judges" instructed her not to file any additional appeals. *Id.* at 7. Plaintiff again provides no evidence to support this contention.

Instead, Plaintiff's filings after the Commissioner's motion focus on requests for additional SSI payments and changed circumstances. She also appears to raise new claims. Plaintiff indicates that she is now living on her own and takes issue with an additional SSA letter dated May 11, 2018. D.E. 27 at 2, D.E. 27-1 at 1. She adds that she is entitled to a voucher for an air conditioner, D.E. 26 at 1, 3, and cost of living increases, *id.* at 9. She also indicates that she is entitled to greater monthly SSI payments than she was receiving before the reduction that led to the current suit. D.E. 23.

## II. Legal Standard and Analysis

The Court has jurisdiction to review claims arising under the Social Security Act as provided in 42 U.S.C. §§ 405(g) and (h). Section 405(g) provides in relevant part:

> Any individual, after any *final decision* of the Commissioner of
> Social Security made after a hearing to which he was a party,
> irrespective of the amount in controversy, may obtain a review of
> such decision by a civil action commenced within sixty days after
> the mailing to him of notice of such decision or within such further
> time as the Commissioner of Social Security may allow
> 42 U.S.C. § 405(g) (emphasis added).

---

Plaintiff's monthly payments. D.E. 23. Plaintiff also seeks an increase as of January 1, 2018. *Id.*

Section 405(h), in turn, provides in relevant part as follows:

> No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the Commissioner of Social Security or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter.

42 U.S.C. § 405(h).

A "final decision" under the Act is defined by the regulations, which require a claimant to complete a four-step administrative review process before a matter is subject to review by this Court. 20 C.F.R. § 416.1400. The administrative review process is comprised of an initial determination, reconsideration, a hearing before an ALJ, and Appeals Council review. *Id.* Section 416.1400(a)(1) defines "[i]nitial determination" to include a determination made by the SSA as to a claimant's "continuing eligibility for benefits or about any other matter, as discussed in § 416.1402[.]" Section 416.1402(b), in turn, applies to a "reduction" of SSI benefits, among other things.

Section 416.1400(a)(5) provides that a claimant can seek federal court review after the SSA has made a "final decision," that is, after the four-step administrative process has been completed. Finally, Section 416.1400(b) states that unless good cause is shown, a claimant can lose her right to additional administrative or judicial review if she does not act in a timely manner. Thus, if there has not been a "final decision" by the SSA because a claimant has not exhausted her administrative remedies, this Court cannot review the matter. *See, e.g.*, *Pallotta v. Barnhart*, 144 Fed. Appx. 938, 940 (3d Cir. 2005) (quoting *Califano v. Sanders*, 430 U.S. 99, 108 (1977)).

The Court agrees with the Commissioner that Plaintiff's Complaint must be dismissed for failure to exhaust her administrative remedies before filing suit. While Plaintiff claims, in conclusory fashion, that she did exhaust her administrative remedies, she provides no evidence in support. For example, Plaintiff fails to provide a copy of her timely written appeal. The SSA has no evidence demonstrating that Plaintiff appealed. Moreover, the July 6, 2017 letter clearly and in plain language explained to Plaintiff the steps she needed to take if she disagreed with the reduction in her monthly benefits. Because Plaintiff is proceeding *pro se*, the Court notes that if Plaintiff's living circumstances have changed since the July 6, 2017 letter (as she claims), Plaintiff apparently can notify the SSA to see if the changed circumstances impact her monthly SSI payments.

### III. Conclusion

For the foregoing reasons, and for good cause shown,

It is on this 11th day of June, 2018,

**ORDERED** that Defendant's motion to dismiss, D.E. 16, is **Granted**; and it is further

**ORDERED** that this matter is **Dismissed with Prejudice**; and it is further

**ORDERED** that Plaintiff's motion, D.E. 23, is **Denied** as moot, and it is further

**ORDERED** that the Clerk's Office shall close this matter; and it is further

**ORDERED** that the Clerk's Office shall mail a copy of this Opinion and Order to Plaintiff by regular mail and by certified mail return receipt. **Plaintiff has 30 days from the date of this Opinion and Order to file an appeal with the Third Circuit Court of Appeals.**

s/ John Michael Vazquez<br>
John Michael Vazquez, U.S.D.J.